IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROGER LEWIS, Individually and on                                              PLAINTIFF
Behalf of all others similarly situated

v.                                    No. 4:20-cv-4017

TIGER EYE PIZZA, LLC, et al.                                                  DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification for Approval and Distribution of Notice and For Disclosure of Contact Information. ECF No. 11. Defendants have filed a response. ECF No. 12. Plaintiff has filed a reply. ECF No. 17. Defendants have filed a sur-reply. ECF No. 20. The matter is fully briefed and ripe for the Court's consideration.

Plaintiff is a former hourly employee of the Defendants who worked as a delivery driver. On February 14, 2020, Plaintiff filed a collective action complaint asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by failing to pay the legal minimum hourly wage and by failing to pay automobile and other job-related expenses and overtime compensation for work performed in Defendant's store and work performed while making deliveries. Plaintiff brings his FLSA and AMWA claims individually and on behalf of "other delivery drivers employed by Defendants over the last three years." ECF No. 3, ¶ 53, 88.

On January 23, 2019, prior to the instant lawsuit, Donald Adkinson and Kerry Wimley filed a similar complaint in this Court. *Adkinson et al v. Tiger Eye Pizza, LLC et al.*, 2019 WL 5213957 (W.D. Ark. 2019). The plaintiffs in *Adkinson* filed the complaint individually and on

behalf of all delivery drivers employed by Defendants[1] in the three years prior to their filing. Adkinson and Wimley alleged that Defendants in the initial case failed to pay all delivery drivers at the minimum wage for all hours worked, failed to pay automobile and other job-related expenses, and failed to provide overtime pay. This Court conditionally certified a collective of delivery driver employees who worked for Tiger Eye Pizza from January 23, 2016, through judgment. A notice of settlement has not been filed with the Court.

In the present motion, Plaintiffs move the Court to approve conditional certification, distribution of notice, and disclosure of information. Defendants argue that the Court cannot approve this motion pursuant to the first-to-file rule. In order to conserve judicial resources and avoid conflicting rulings, the first-to-file rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The first-to-file rule yields to the interests of justice and is not applied when a court finds "compelling circumstances" supporting its abrogation. *Id*. In determining whether to apply the first-to-file rule, courts may use their discretions. *See id*.

Defendants' primary argument rests on the fact that the present case is similarly situated to *Adkinson*, which is currently pending before this Court. Defendants argue that because *Adkinson* is still pending and is identical in nature to the present case, the collective in the present case should not be certified. ECF No. 12, p. 2-3. Plaintiffs disagree and argue that the *Adkinson* action is closed. The dispute in the instant motion centers around the fact that the opt-in period in *Adkinson* closed on January 28, 2020, and Plaintiff did not opt into that case. Plaintiff's counsel argues that because the opt-in period has closed in *Adkinson,* the case is closed for purposes of the first-to-file rule. *Id*.

---

[1] The Defendants in *Adkinson* and the present case are both Tiger Eye Pizza, LLC and Kenneth Schroepfer, who is the owner of Tiger Eye Pizza.

That is incorrect. As previously mentioned, the Court has neither received a notice of settlement nor has the court issued an order dismissing the action, and thus, *Adkinson* is still pending. *See* Local Rule 41.1 (stating that it is the duty of counsel to inform the Court and the Clerk when a settlement has been reached as soon as practicably possible).  Accordingly, the *Adkinson* case is classified as the first-filed action in this matter.

The first-to-file rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at 1006 (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The first-to-file rule implicates the courts' discretion to recognize federal comity for two concurrent cases. *Orthmann*, 765 F.2d at 121. Traditionally, this principle refers to an action brought in a district court and then an identical action subsequently brought in a separate district. In the present case, the *Adkinson* case was brought in the Western District of Arkansas and approximately one year later, the present case was also filed in the Western District of Arkansas. Plaintiffs admit that the present case is factually identical to, and is in fact a direct spin-off of, the *Adkinson* case.  ECF No. 17, p. 2.

As previously stated, the primary purpose of the first-to-file rule is to conserve judicial resources and avoid conflicting rulings; however, these reasons are far less persuasive when both matters are before the same judge.  Despite that, the question that Defendants raise—whether it is appropriate to allow two substantially similar collective actions to simultaneously proceed under these circumstances—deserves consideration. Employees may sue individually or as part of a collective action under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated employees. In *Hoffman-La Roche v. Sperling*, the Supreme Court clarified that because of the potential for abuse, a district court has both the duty and the broad authority to exercise control

over a collective action and to enter appropriate orders governing the conduct of counsel and the parties. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 171 (1989) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)).  In allowing duplicative collective actions to proceed, the Court risks confusion of current collective members in *Adkinson* and potential collective members in the present case regarding their legal options. The Court finds that certifying a second, competing collective action would risk undermining the primary goal of collective actions: avoiding multiplicity of similar suits and expediting the disposal of the actions through cut-off dates. Conditionally certifying another FLSA collective action while one nearly identical certified collective action is pending in this Court is not appropriate.

    Accordingly, the Court finds that Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information (ECF No. 11) should be and hereby is **DENIED**.

    **IT IS SO ORDERED**, this 27th day of October, 2020.

/s/Susan O. Hickey_____
Susan O. Hickey
Chief United States District Judge