IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROGER LEWIS, Individually
and on Behalf of all Others
Similarly Situated                                                                                        PLAINTIFF

v.                                       Case No. 4:20-cv-4017

TIGER EYE PIZZA, LLC and
KENNETH SCHROEPFER                                                                          DEFENDANTS

---

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                      PLAINTIFFS

v.                                       Case No. 4:19-cv-4007

TIGER EYE PIZZA, LLC and
KENNETH SCHROEPFER                                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff Roger Lewis, Individually and on behalf of all others similarly situated, and Defendants Tiger Eye Pizza, LLC and Kenneth Schroepfer's joint Motion to Consolidate. (ECF No. 22). Specifically, all parties request that *Roger Lewis, Individually and on Behalf of all Others Similarly Situated v. Tiger Eye Pizza, LLC and Kenneth Schroepfer*, Case No. 4:20-cv-4017, be consolidated with *Donald Adkinson and Kerry Wimley, Individually and on Behalf of all Others Similarly Situated v. Tiger Eye Pizza, LLC and Kenneth Schroepfer*, Case No. 4:19-cv-4007 ("Adkinson Case"), for purpose of both discovery and trial.

## I. BACKGROUND

On January 23, 2019, the Adkinson Case was filed in the Western District of Arkansas, Texarkana Division, alleging that their employer, Tiger Eye Pizza, LLC and Kenneth Schroepfer had violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). (Adkinson Case, ECF No. 1). On May 19, 2019, this Court conditionally certified a collective action pursuant to 29 U.S.C. § 216(b). (Adkinson Case, ECF No. 24).

On February 14, 2020, the present case was filed in the Western District of Arkansas, Texarkana Division, alleging that their employer, Tiger Eye Pizza, LLC and Kenneth Schroepfer had violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). (ECF No. 3).

Prior to the present motion, the Court denied Plaintiff's Motion for Conditional Certification for Approval and Distribution of Notice and For Disclosure of Contact Information. (ECF No. 21). The Court held that certifying another FLSA collective action while a second, nearly identical certified collective action is pending in this Court is not appropriate. The parties now move the Court to consolidate these two actions. (ECF No. 22).

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) governs consolidation. That rule provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). While the decision of whether to order consolidation is highly discretionary, this "broad discretion . . . is not unbounded." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is to avoid unnecessary cost or delay. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

Therefore, even if common questions of law and fact are present, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id*. at 551. A court should consider whether the risks of prejudice and jury confusion are "overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits . . . and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Chill v. Green Tree Fin. Corp*., 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir.1993)).

In both the Adkinson Case and the present case, the parties ask the Court to determine the following: (1) whether plaintiffs were paid at least minimum wage for all hours worked; and (2) whether plaintiffs entitled to overtime were paid the required overtime premium for all hours worked over forty (40) hours. Further, the Defendants in both cases are Tiger Eye Pizza, LLC and Kenneth Schroepfer. Thus, since both cases are nearly factually identical, involve the same legal dispute, and are brought against the same defendants, consolidation is appropriate. The Court thus determines that common questions of law and fact are present, but the Court must also examine whether consolidation will prejudice any party.

Due to the identical factual and legal issues, it is unlikely that consolidating these cases would prejudice any of the parties. As stated in the present motion, the only issue that would arise by consolidating these two matters would be a possible modification of the discovery deadline. On the other hand, consolidating the two matters would save consideration resources and time. Moreover, duplicative costs will be greatly mitigated by the consolidation of these cases for discovery. Accordingly, the court does not find any risk of inefficiency, inconvenience, or unfair prejudice to any of the parties. Thus, the Court finds that consolidation is appropriate here.

## III. CONCLUSION

For the reasons stated above, the Court finds that the parties' joint Motion to Consolidate (ECF No. 22) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 14th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
